Filed 3/30/16; pub. order 4/28/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| D. CUMMINS CORPORATION et al., Plaintiffs and Appellants, v. UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Defendants and Respondents. | A142985 (Alameda County Super. Ct. No. RG14711136) |

D. Cummins Holding LLC (Holding Co.) appeals from the trial court's order sustaining without leave to amend the demurrer of United States Fidelity and Guarantee Company (U.S. Fidelity) and United States Fire Insurance Company (U.S. Fire) (collectively, the insurers or defendants),[1] to the complaint for declaratory relief filed by Holding Co. and D. Cummins Corporation (Cummins Corp.) (collectively, plaintiffs), dismissing Holding Co.'s claims. Holding Co. now contends the trial court erred when it found that Holding Co. did not have standing to participate in the declaratory relief action, which involved interpretation of insurance policies the insurers had previously issued to Cummins Corp. Holding Co. further contends the court abused its discretion when it found that Holding Co. could not successfully amend the complaint. We shall affirm the judgment.

---

[1] In the trial court, U.S. Fire joined in the demurrer of U.S. Fidelity and, on appeal, it adopts by reference the respondent's brief filed by U.S. Fidelity.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this matter alleged the following facts. Cummins Corp., a California corporation formerly known as Valley Asbestos Company, installed asbestos containing products in California, and had received hundreds of asbestos bodily injury claims, including many lawsuits, based on exposure to its asbestos containing materials. Cummins Corp. purchased 19 insurance policies issued by U.S. Fidelity between July 1, 1969 and January 1, 1987, and purchased four insurance policies issued by the predecessor to U.S. Fire between February 1, 1988 and January 1, 1992. These policies include "primary, umbrella, and or excess insurance policies," some of which "may be missing or only partially documented."

Holding Co. is a Delaware limited liability company, formed on January 17, 2014.[2] It is the parent and controlling shareholder of Cummins Corp.

On January 23, 2014, plaintiffs filed a complaint for declaratory relief against the insurers, in which they sought, in a single cause of action and pursuant to Code of Civil Procedure section 1060,[3] a "declaratory judgment that defendants are obligated to defend and/or indemnify Cummins [Corp.], in full, including, without limitation, payment of the cost of investigation, defense, settlement and judgment . . . , for past, present and future Asbestos Suits under each of the Policies triggered by the Asbestos Suits." Plaintiffs also sought additional, detailed declarations regarding the duties of the insurers with respect to asbestos actions against Cummins Corp.[4] The complaint further alleged that the insurance companies "dispute the relief [plaintiffs] assert is available under the Policies.

---

[2] On June 12, 2015, we granted U.S. Fidelity's unopposed request for judicial notice of Holding Co.'s January 17, 2014 Certificate of Formation, filed with the Delaware Secretary of State.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[4] In its opening brief, Holding Co. states that, "[i]n particular, declarations are sought as to the manner in which the policies' aggregate limits of liability apply, or do not apply, to the ongoing asbestos litigation against Cummins Corp."

Consequently, an actual and justiciable controversy exists between [plaintiffs] and defendants concerning defendants' respective obligations under their Policies."

On February 28, 2014, U.S. Fidelity removed the case to federal court, alleging that Holding Co. had been "fraudulently joined" as a plaintiff and that its citizenship should be ignored for diversity purposes. On May 28, 2014, the United States District Court found that complete diversity did not exist and that it therefore did not have subject-matter jurisdiction, requiring that the matter be remanded to the state trial court.[5]

On July 8, 2014, U.S. Fidelity demurred to Holding Co.'s cause of action for declaratory relief on the ground that it failed to state facts sufficient to constitute a cause of action, in that "[t]he Complaint is devoid of any allegation that [Holding Co.] is an insured under any of the insurance policies alleged in the Complaint or otherwise in privity with [U.S. Fidelity] and, consequently, [Holding Co.] lacks standing. . . ."

On September 3, 2014, the trial court sustained the demurrer without leave to amend,[6] explaining: "[U.S. Fidelity] asserts that the complaint fails to state sufficient

_____

[5] In its order remanding the case, the district court stated: "Whether the owner of an insured corporation qualifies as an interested person under Section 1060 appears to be an unresolved question of California state law." After finding several cases cited by U.S. Fidelity inapplicable to the present circumstances, the court continued: "With no California authority interpreting the 'interested person' standard in this context, the court must conclude that whether the shareholder of an insured corporation has standing to sue the corporation's insurer for declaratory relief under Section 1060 is not a well-settled matter of California law." Because it was "not obvious according to California law that Plaintiffs fail to state a claim against [the insurers]," the district court declined to find fraudulent joinder, which precluded the court from ignoring Holding Co.'s presence in the case for diversity purposes. (Fn. omitted.)

[6] The trial court first observed that, at the then current stage of the proceedings, it was "not clear how a demurrer lies, procedurally. However, [U.S. Fidelity], having answered the complaint, may move for judgment on the pleadings on the same grounds, under the same legal standards. Thus, the court addresses the merits." (See *IMO Development Corp. v Dow Corning Corp.* (1982) 135 Cal.App.3d 451, 457 ["a defendant may move for judgment on the pleadings on the ground that the complaint fails to state a legally cognizable cause of action"].) We presume the court was referring to the fact that U.S. Fidelity filed the demurrer more than 30 days after service of the complaint. (See § 430.40.)

facts as to the holding company plaintiff, [Holding Co.], for a claim for declaratory relief under [section] 1060. [U.S. Fidelity] argues that the complaint does not state that Holding Co. was an insured under any alleged insurance policies, state that it was an additional insured, or otherwise demonstrate privity with [U.S. Fidelity]. Rather, the complaint admits that the subsidiary, [Cummins Corp.], an installer of insulation, was the insured. [U.S. Fidelity] argues that Holding Co. cannot be 'interested' under a 'written instrument' as required by section 1060, and that there is no legal theory under [which] Holding Co[.] could assert any underlying claim against [U.S. Fidelity].

"The court agrees that Plaintiffs have not pleaded, and apparently cannot plead facts needed for Holding Co[.] to be a 'person interested under a written instrument' such that Holding Co[.] has standing to seek a declaration of its rights under such an instrument. [¶] While most of [U.S. Fidelity's] authorities are not on point, the court is somewhat persuaded, not just by the plain language of section 1060, but by dictum in *Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, which suggests that while section 1060 is broad, to have standing a party must show that it has some . . . cognizable legal theory. . . .

"Plaintiffs have not demonstrated that they can amend to address this issue, and in light of the facts already pleaded, it would appear to be futile." The court then granted the joinder of U.S. Fire and dismissed Holding Co.'s claims.

On September 9, 2014, Holding Co. filed a notice of appeal.[7]

## DISCUSSION

Holding Co. contends the trial court incorrectly concluded it did not have standing to participate in the declaratory relief action. Holding Co. further contends the court abused its discretion when it found that Holding Co. could not successfully amend the complaint.

---

[7] The declaratory relief action continues in the trial court, with Cummins Corp. and the insurers as parties.

4

"For purposes of analyzing the ruling on demurrer, we give the pleading a reasonable interpretation, reading it as a whole, its parts in their context, to determine whether sufficient facts are stated to constitute a cause of action or a right to the relief requested. [Citation.] If a demurrer was sustained without leave to amend, but the defect was curable by amendment, we would find an abuse of discretion in that ruling. However, if the order is correct as a matter of law, we would not reverse it. [Citation.]" (*Otay Land Co. v. Royal Indem. Co*., *supra*, 169 Cal.App.4th at pp. 561-562 (*Otay*), citing *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

Section 1060 provides in relevant part: "Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. . . ."

While section 1060's language "appears to allow for an extremely broad scope of an action for declaratory relief" (*Otay*, *supra*, 169 Cal.App.4th at p. 562), "an actual controversy that is currently active is required for such relief to be issued, and both standing and ripeness are appropriate criteria in that determination. [Citation.]" (*Id*. at p. 563.) "One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that plaintiff is asserting, which must follow some recognized or cognizable legal theories that are related to subjects and requests for relief that are properly before the court." (*Ibid*.) In the context of a demurrer, the court will evaluate "whether the factual allegations of the complaint for declaratory relief reveal that an actual controversy exists between the parties. [Citation.]" (*Id*. at p. 562.)

5

In addition, under section 1061, "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."  Section 1060 must be read together with section 1061.  (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 647.)  The trial court's determination that a declaration is not necessary or proper in the circumstances is discretionary, subject to reversal only for an abuse of that discretion.  (*Ibid.; Otay*, *supra*, 169 Cal.App.4th at p. 563.)

In *Otay*, the plaintiff was an owner of real property who brought a declaratory relief action against the liability insurer of the property's former owner regarding the insurer's anticipated coverage with respect to contamination problems at the property. (*Otay*, *supra*, 169 Cal.App.4th at p. 558.)  The plaintiff admitted that it did "not fit into the usual categories for establishing it has standing to sue, in light of its lack of contractual privity with the insurer (e.g., such exceptions exist where the third party plaintiff has a judgment against the insured, or where the insurer has sued the third party in its own right for declaratory relief, or where there was an assignment by the insured of its rights under the policy to the third party)." (*Id.* at p. 565; accord, *Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194, 211 (*Royal*) [earlier related case relied on by *Otay* court].)  The plaintiff nonetheless argued that it had standing to bring a declaratory relief action against the insurer of a policyholder on the ground "that declaratory relief should be 'expansively' allowed." (*Otay*, at p. 565.)  The appellate court disagreed, explaining that section 1060 "has never been interpreted as no longer requiring appropriate standing to seek declaratory relief . . . ." (*Otay*, at p. 565.)  The court therefore held that the trial court had properly sustained the defendant insurer's demurrer without leave to amend because the plaintiff could not plead sufficient facts to establish it had standing to sue the insurer to determine the applicability of the former owner's insurance.  (*Id*. at pp. 558, 567-568.)

In the present case, Holding Co., like the plaintiff in *Otay*, asserts that it is an interested person under section 1060, despite the fact that it is not a party to or directly affected by the insurance policies that are the subject of the declaratory relief action, and

6

despite the fact that it does not otherwise fit into any of the categories of exceptions to the requirement of contractual privity. (*Otay*, *supra*, 169 Cal.App.4th at p. 565.) Holding Co. maintains that it nonetheless has a "practical interest in the proper interpretation of Cummins Corp.'s insurance policies given its relationship to, and its central role in the pursuit of those insurance assets." Holding Co. further claims that it "is, most importantly the sole entity responsible for managing the affairs of Cummins Corp., including making decisions as to litigation strategy, resolution and settlement." (See *City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 60 ["Standing is measured not just by a plaintiff's stake in the resolution of an action, but by the force with which it presents its case"]; see also *California Water & Telephone Co. v. Los Angeles County* (1967) 253 Cal.App.2d 16, 22-23 ["One who invokes the judicial process does not have 'standing' if he, or those whom he properly represents, does not have a real interest in the ultimate adjudication because the actor has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented"].) Therefore, according to Holding Co., it is "[a]ny person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another" for purposes of participating in a declaratory relief action against the insurers. (§ 1060.)

This argument is not persuasive. While Holding Co. may, as it says, have a "practical interest" in the success of Cummins Corp.'s litigation with the insurers by virtue of its relationship with the corporation, it has not shown how that indirect interest—no matter how enthusiastic it may be (see *City of Santa Monica v. Stewart*, *supra*, 126 Cal.App.4th at p. 60)—translates into "a legally cognizable theory of declaratory relief." (*Otay*, *supra*, 169 Cal.App.4th at p. 562; see *Royal*, *supra*, 162 Cal.App.4th at p. 212 ["Only abstract rights and interests have been asserted by [appellant], and they are too indirect, remote, and consequential"].) Rather, as the trial court found, it is the corporation itself that has a direct interest in the interpretation of the policies in question.

It is also notable that California courts have held that a corporation's shareholders generally do not have standing to sue the corporation's insurer. For example in *Seretti v. Superior Nat. Ins. Co.* (1999) 71 Cal.App.4th 920, 922-924 (*Seretti*), the sole shareholders of a corporation filed a cross-complaint against the corporation's workers' compensation insurance carrier, alleging bad faith. The appellate court affirmed the trial court's sustaining of the carrier's demurrer, explaining: "In accordance with the overwhelming weight of authority, we affirm the trial court's ruling on appellants' lack of standing to assert a claim against the corporation's insurer. [¶] . . . Ignoring a corporation's separate existence is a rare occurrence, particularly where it is the shareholders who seek to pierce its veil, and the courts will do so only 'to prevent a grave injustice.'. . . The corporation itself, as named insured, can pursue its own rights, and the shareholders will profit indirectly. [¶] Individuals are free to operate their business in their own names and accept all its debts and liabilities as their own. Having elected to avail themselves of the benefits of the corporate structure, as appellants did here, they cannot be heard to complain of their inability to take personal advantage of a right belonging to the corporation alone." (*Id.* at p. 931; accord, *C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1068 [no abuse of discretion in sustaining demurrers without leave to amend to claims of two 50 percent shareholders who alleged bad faith and negligent infliction of emotional distress by corporation's insurer, where neither shareholder was an insured or a beneficiary under policy].)

Holding Co. attempts to distinguish *Seretti* and *C & H Foods Co.*, observing that those cases involved causes of action for bad faith insurance practices, whereas, here, Holding Co. is requesting declaratory relief under section 1060. The principles discussed in those cases are nonetheless relevant to this declaratory relief action in which Holding Co. has presented no additional facts or legal authority showing that it has standing as Cummins Corp.'s controlling shareholder to pursue a declaratory relief action against Cummins Corp.'s insurers. (See *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 55 [sole shareholder did not have standing to seek declaratory relief on behalf of corporation, except in a derivative action].) Holding Co. formed a limited

liability company making it the controlling shareholder of Cummins Corp. just days before the present action was filed. Cummins Corp., however, remains the named insured, which "can pursue its own rights, and [Holding Co.] will profit indirectly." (*Seretti*, *supra*, 71 Cal.App.4th at p. 931.) Holding Co. claims its involvement is needed to pursue the action and obtain a declaration of the rights and duties both of the insurers and of Cummins Corp., which has no assets of its own. The evidence, however, shows that the action continues in the trial court despite dismissal of Holding Co. from the case.[8] Hence, Holding Co. has not shown that its participation in the declaratory relief action is necessary " 'to prevent a grave injustice.' " (*Seretti*, at p. 931; cf. *California Water & Telephone Co. v. Los Angeles County*, *supra*, 253 Cal.App.2d at pp. 22-23.)[9]

Holding Co. relies on several cases for the proposition that a party can have sufficient interest in a matter to bring a declaratory relief action even though it is not directly affected by the contract or regulation that is the subject of the action. (See *Olson v. Toy* (1996) 46 Cal.App.4th 818, 824-825 [decedent's heirs had standing to maintain an action for declaratory relief regarding validity of decedent's trust even though they were

_____

[8] We take judicial notice of the Alameda County Superior Court's Register of Actions, showing continuing case management activity in this matter. (See Evid. Code, § 452, subd. (d)(1) [judicial notice may be taken of "[r]ecords of . . . any court of this state"]; *Blank*, *supra*, 39 Cal.3d at p. 318 [in reviewing sufficiency of a complaint against a general demurrer, we " 'consider matters which may be judicially noticed' "].)

[9] Holding Co. also attempts to distinguish *Seretti* by citing *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 899-900, in which the California Supreme Court referred to a comment in the Restatement Second of Judgments, which provides: "When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant." (Rest.2d Judgments, § 33, com. c, p. 335.) The context of the discussion in that case, however, was whether a judgment granting a party's request for declaratory relief and specific performance of a contract precluded, under the doctrine of res judicata, that party's subsequent suit for damages for breach of that same contract, a question not relevant to the issue before us in this case. (*Seretti*, at p. 897.) Moreover, Holding Co. has not shown that there exists "a relation between [it] and the defendant[s]" pursuant to which a declaratory judgment would be warranted.

9

not beneficiaries of trust, since question of trust's validity directly affected their legal rights to property under decedent's will]; *Sperry & Hutchinson Co. v. California State Board of Pharmacy* (1966) 241 Cal.App.2d 229, 233 [plaintiff, a trading stamp vendor who had contracts with 900 pharmacists for sale of its trading stamps was an interested person under section 1060 for purposes of declaratory relief action regarding a regulation that, if enforced, would deprive plaintiff of benefit to be derived from such contracts]; *General Ins. Co. v. Whitmore* (1965) 235 Cal.App.2d 670, 673-675 [insurer, which had sought a declaratory judgment regarding its rights and liabilities under insurance policy with respect to intentional acts of insured's son, could join as parties those allegedly injured by insured's son to determine proportionate contribution due each claimant if recovery of damages were later ordered].)  These cases are plainly distinguishable in that all of the parties included in the declaratory relief actions had a legal interest in, or would be directly affected by, any interpretation of the terms of the insurance policies or regulation in question.  As we have discussed, Holding Co. has not alleged any facts or legal theory giving it more than an indirect interest in the policies at issue.  (*Royal*, *supra*, 162 Cal.App.4th at p. 212; see also *Otay*, *supra*, 169 Cal.App.4th at p. 562.)

Likewise, the present matter is not comparable to the cases cited by Holding Co. in support of its argument that an actual controversy exists between it and the insurers. (See, e.g., *McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 800 [tenant's declaratory relief claim against landlord adequately alleged controversy regarding tenant's obligations to pay rent under lease].)  Again, Holding Co. has not demonstrated the existence of an actual controversy between it and the insurers.  Hence, the only proper parties to this declaratory relief action are Cummins Corp. and the insurers.

In conclusion, given that Holding Co., the controlling shareholder of Cummins Corp., does not have a contractual relationship with the insurers and is not otherwise interested in the contract between the corporation and the insurers (see § 1060), the trial court acted within its discretion when it concluded that a declaration of Holding Co.'s rights was "not necessary or proper at the time under all of the circumstances."  (§ 1061.) In addition, because Holding Co. has not shown that there is a reasonable possibility it

10

could amend the complaint to plead facts showing that it is a "person interested under a written instrument" or demonstrated the existence of an "actual controversy relating to the legal rights and duties" of it and the insurers (§ 1060), the court did not abuse its discretion when it sustained the demurrer without leave to amend. (See *Blank*, *supra*, 39 Cal.3d at p. 318; *Otay*, *supra*, 169 Cal.App.4th at pp. 561-562.)

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendants U.S. Fidelity and U.S. Fire.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.

11

Filed 4/28/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| D. CUMMINS CORPORATION et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> UNITED STATES FIDELITY AND GUARANTY COMPANY et al., <br><br>     Defendants and Respondents. | A142985 <br><br> (Alameda County <br> Super. Ct. No. RG14711136) <br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** |

**THE COURT**:

The opinion in the above-entitled matter filed on March 30, 2016, was not certified for publication in the Official Reports. For good cause, the request for publication is granted.

Pursuant to California Rules of Court, rules 8.1120 and 8.1105(b), the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Dated: _____          _____

                                                      Kline, P.J.

1

Trial Court:                                  Alameda County Superior Court

Trial Judge:                                  Hon. George C. Hernandez, Jr.


Attorneys for Plaintiffs and Appellants:      Morgan, Lewis & Bockius LLP
                                              Thomas M. Peterson
                                              Jeffrey S. Raskin
                                              Peter F. McAweeney
                                              Paul A. Zevnik


Attorneys for Defendants and Respondents:     Dentons US LLP
                                              Ronald D. Kent
                                              Susan M. Walker

                                              Nicolaides, Fink, Thorpe, Michaelides,
                                                Sullivan LLP
                                              Sara M. Thorpe
                                              Seth J. Manfredi