Filed 10/31/22  Spaulding Marine Center v. Auques Maritime Preservation CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SPAULDING MARINE CENTER, <br><br> Plaintiff, Cross-defendant, and Appellant, <br><br> v. <br><br> ARQUES MARITIME PRESERVATION FOUNDATION, <br><br> Defendant, Cross-complainant, and Respondent. | A163223 <br> A164070 <br><br> (Marin County Super. Ct. No. CIV1800843) |

Spaulding Marine Center (Spaulding) appeals from the trial court's judgment denying relief on its complaint for declaratory relief against Arques Maritime Preservation Foundation (Arques) and granting relief on Arques's cross-complaint for declaratory judgment and breach of lease. Spaulding also appeals from the trial court's subsequent award of prevailing party attorney's fees to Arques. Spaulding argues the trial court failed to address whether Arques was barred from enforcing the lease because its execution of the lease was

1

contrary to limitations in its articles of incorporation as a nonprofit public benefit corporation. The trial court addressed Spaulding's argument that Arques's signing of the lease was ultra vires and correctly rejected it, so we will affirm the judgment.

## BACKGROUND

The facts relevant to Spaulding's arguments on appeal are few and undisputed. Spaulding is a nonprofit corporation formed to preserve a boatyard, restore ships, provide education in marine skills, and operate as a community center. In 2007, Spaulding leased a portion of its property to Arques. Arques is a nonprofit public benefit corporation, and its articles of incorporation state that its purpose is "to preserve the traditional maritime trades of the San Francisco Bay and Delta areas and to provide historical continuity for such trades by operating one or more non-profit training schools, yards, sail training ships and other facilities relating thereto."

A dispute arose between the parties, and Spaulding filed suit to obtain a declaratory judgment that Arques had breached the lease and was required to vacate the leased premises. Arques filed a cross-complaint alleging one cause of action for breach of the lease and a second cause of action seeking a declaratory judgment that Arques had not breached the lease and was entitled to remain in possession of the leased premises.

After an eight-day bench trial, the trial court issued a statement of decision finding against Spaulding and in favor of Arques on the parties' claims for declaratory relief. The court

2

also found in Arques's favor on some but not all of its breach of lease allegations against Spaulding, but it awarded only nominal damages. The trial court granted Arques's request for prevailing party attorney's fees under Civil Code section 1717, but it awarded Arques only about $275,000 of the approximately $760,000 Arques had requested.

## DISCUSSION

Spaulding argues the trial court erred by failing to address whether Arques's limited purpose as a nonprofit public benefit corporation prevented it from using its assets to pay rent to Spaulding or to pay attorney's fees to enforce the lease. Spaulding further contends that Arques's articles of incorporation require it to operate a maritime *vocational* trade school, but that it was and is leasing Spaulding's property to operate a maritime *avocational* (i.e., hobby) school. Spaulding therefore asserts that the trial court should have denied relief on Arques's cross-complaint and denied its request for attorney's fees.[1] We review these arguments de novo, as they turn on the meaning of writings and statutes and involve the application of law to undisputed facts. (*State ex rel. Aetna Health of California, Inc. v. Pain Management Specialist Medical Group* (2020) 58 Cal.App.5th 1064, 1069; *California National Bank v. Woodbridge Plaza LLC* (2008) 164 Cal.App.4th 137, 142–143.)

---

[1] Spaulding does not contest the amount of fees awarded by the court. Instead, it contends that Arques was not entitled to recover any fees because its litigation efforts were "not in the furtherance of any purpose authorized by its articles."

Contrary to Spaulding's contentions, the trial court addressed Spaulding's argument. With a half-page of explanation, the trial court ruled that "when an ultra vires contract has been fully performed on both sides, neither party can maintain an action to set aside the transaction or to recover what has been parted with." Spaulding complains that the trial court did not make a definitive ruling as to whether the lease was or was not ultra vires. But the trial court's evident conclusion in its statement of decision on the declaratory judgment claims was that it did not need to address the merits of the ultra vires argument because the contract had been fully executed. In its fee award, the trial court referred back to this rejection of the ultra vires argument when it noted that Spaulding was "reargu[ing]" that Arques had acted beyond its corporate authority and that the court "[o]nce again" rejected the argument and found it inapplicable to Arques's request for attorney's fees. Spaulding may disagree with these conclusions, but that does not mean the trial court failed to fulfill its judicial function or ignored the issue, as Spaulding claims.

The trial court also reached the correct result. As Arques points out, Corporations Code[2] sections 5141 and 5142 bar Spaulding from challenging Arques's authority to enter into the lease or to spend attorney's fees enforcing it. Both statutes are within division 2 of title 1 of the Corporations Code, the Nonprofit Corporation law (§§ 5000 et seq.). Section 5141,

---

[2] Undesignated statutory references are to the Corporations Code.

subdivision (a) states in pertinent part, "Subject to Section 5142: [¶] (a) No limitation upon the activities, purposes, or powers of the corporation or upon the powers of the members, officers, or directors, or the manner of exercise of such powers, contained in or implied by the articles . . . shall be asserted as between the corporation or member, officer or director and any third person, except in a proceeding: (1) by a member or the state to enjoin the doing or continuation of unauthorized activities by the corporation or its officers, or both, in cases where third parties have not acquired rights thereby, (2) to dissolve the corporation, or (3) by the corporation or by a member suing in a representative suit against the officers or directors of the corporation for violation of their authority."

Section 5141, subdivision (b) provides in full, "Any contract or conveyance made in the name of a corporation which is authorized or ratified by the board or is done within the scope of authority, actual or apparent, conferred by the board or within the agency power of the officer executing it, except as the board's authority is limited by law other than this part, binds the corporation, and the corporation acquires rights thereunder whether the contract is executed or wholly or in part executory."

Section 5142, in turn, creates an exception to the rule in section 5141. Section 5142, subdivision (a) states, "Notwithstanding Section 5141, any of the following may bring an action to enjoin, correct, obtain damages for or to otherwise remedy a breach of a charitable trust: [¶] (1) The corporation, or a member in the name of the corporation pursuant to Section 5710.

[¶] (2) An officer of the corporation. [¶] (3) A director of the corporation. [¶] (4) A person with a reversionary, contractual, or property interest in the assets subject to such charitable trust. [¶] (5) The Attorney General, or any person granted relator status by the Attorney General." A nonprofit corporation's assets are deemed to be subject to a charitable trust because of the statement of charitable purposes in the corporation's articles. (*Pacific Home v. Los Angeles County* (1953) 41 Cal.2d 844, 853.)

Application of these statutes to this case is straightforward. Spaulding is a third party as to Arques but is attempting to assert a limitation in Arques's articles of incorporation to obtain a declaration voiding the lease and to defeat Spaulding's obligation to reimburse Arques for the attorney's fees Arques incurred. This is precisely what section 5141, subdivision (a) forbids. The exceptions in section 5141, subdivision (a) do not apply, as Spaulding is not the state or a member of Arques, Arques is not dissolving, and Spaulding's claims are not part of a suit by Arques or its members against Arques's board for breach of fiduciary duty.

Furthermore, Spaulding does not contend that the Arques official who signed the lease lacked authority from the board to do so, merely that Arques lacked authority under the articles of incorporation. As a result, section 5141, subdivision (b) makes the lease binding against Arques and entitles Arques to its rights

6

under the lease, regardless of whether the parties had partially executed it.[3]

Finally, none of the exceptions in section 5142, subdivision (a) authorizes Spaulding to remedy Arques's alleged breach of its charitable trust, since Spaulding is not Arques, an Arques member, an Arques officer, an Arques director, or the Attorney General, and Spaulding does not claim to have any "reversionary, contractual, or property interest" in Arques's assets.

Reported decisions applying these statutes are admittedly few, but they do exist. (E.g., *Turner v. Victoria* (2021) 67 Cal.App.5th 1099, 1118–1123, review granted, Nov. 10, 2021, S271054.) These statutes are also explained in the Witkin treatise, and Arques raised them in the trial court. (9 Witkin Summary of Cal. Law (11th ed. 2022) Corporations, § 271.) Spaulding can hardly claim to have been unaware of these laws, yet it nonetheless ignored them in its opening brief.

Instead, Spaulding quotes the statement in *Pacific Home v. Los Angeles County*, *supra*, 41 Cal.2d at page 852 that a nonprofit

---

[3] As noted, the trial court ruled that Spaulding lacked standing to raise an ultra vires argument because the lease had been fully performed. The lease had not been fully performed as to the renewal term. In addition, section 5141, subdivision (b) makes clear that the extent of the parties' performance under the lease is irrelevant to Spaulding's standing to raise an ultra vires argument. The trial court nevertheless reached the correct result, so any error in its reasoning is immaterial. (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201 ["Even if the record demonstrates that the trial court misunderstood or misapplied the law, the ruling must be affirmed if it is supported by any legal theory"].)

corporation cannot "legally divert its assets to any purpose other than [the] charitable purposes" described in its articles. Spaulding also cites *Queen of Angels Hospital v. Younger* (1977) 66 Cal.App.3d 359, 363, in which a nonprofit corporation sued the Attorney General for declaratory relief to determine the validity of its lease with a tenant and another agreement. However, these cases did not discuss the predecessors to section 5141 in the general corporation law, former section 803 and current section 208, both of which "den[y] to the corporation and to the other party to any contract with the corporation the defense of *ultra vires* when an action is brought on the contract." (Marsh's Cal. Corp. Law (5th ed. 2022) § 5.12, see also § 23.01; *Turner v. Victoria, supra,* 67 Cal.App.5th at pp. 1120–1121 [nonprofit corporation law borrowed language from the general corporation law to achieve the same substantive results]; 9 Witkin, Summary of Cal. Law (11th ed. 2022) Corporations § 132 [ultra vires doctrine for corporations abolished by statute in 1929 as to third parties].) The cases on which Arques relies are thus inapposite, as "[i]t is axiomatic that cases are not authority for propositions not considered." (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

Spaulding's only other response to these statutes is the assertion in its reply brief that no authority or case prevents it from requesting a declaratory judgment on the extent of Arques's authority under its articles of incorporation. It contends that Code of Civil Procedure section 1060, the statute authorizing declaratory judgment actions, gives it the right to obtain a ruling

8

on this issue. Spaulding thus appears to argue that section 5141's limitation on standing to raise ultra vires arguments does not apply to declaratory judgment actions.

This argument has no bearing on Spaulding's challenge to the attorney's fee award, and it also fails as to its declaratory judgment claim because the law is to the contrary. Division Two of this court considered and rejected a similar argument in *D. Cummins Corp. v. United States Fidelity & Guaranty Co.* (2016) 246 Cal.App.4th 1484 (*Cummins*). There, a parent company, together with its subsidiary, sought a declaratory judgment regarding the applicability and interpretation of insurance policies owned by a subsidiary. (*Id.* at pp. 1486–1487.) The Court of Appeal held the trial court properly sustained the insurers' demurrer to the parent's claims because the parent lacked standing.[4] (*Id.* at pp. 1493–1494.)

*Cummins* explained, "While [Code of Civil Procedure] section 1060's language 'appears to allow for an extremely broad scope of an action for declaratory relief' [citation], 'an actual controversy that is currently active is required for such relief to be issued, and both standing and ripeness are appropriate criteria in that determination. [Citation.]' [Citation.] 'One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that plaintiff is asserting, which must follow some recognized or cognizable legal theories

---

[4] The insurer apparently sought to defeat the parent's claims, even though the subsidiary's claim would remain, so that the insurer could remove the action to federal court. (See *Cummins*, *supra*, 246 Cal.App.4th at p. 1487, fn. 5.)

9

that are related to subjects and requests for relief that are properly before the court.' " (*Cummins, supra,* 246 Cal.App.4th at p. 1489.) *Cummins* also noted at page 1490 that Code of Civil Procedure section 1061 authorizes a trial court to decline to issue a declaratory judgment where " 'its declaration or determination is not necessary or proper at the time under all the circumstances.' " The court applied these rules and concluded that while the parent company might have had a practical interest in its subsidiary's rights under the insurance policies, it had "not shown how that indirect interest—no matter how enthusiastic it may be [citation]—translates into 'a legally cognizable theory of declaratory relief.' " (*Id.* at p. 1491.)

As *Cummins* demonstrates, Spaulding's standing to assert its claim for declaratory relief concerning the parties' rights under the lease flows directly from its standing to assert its rights under the lease. Because section 5141 bars Spaulding from raising the limitation in Arques's articles of incorporation as a basis to rescind or terminate the lease, Spaulding also cannot raise that limitation to obtain a declaration that it was entitled to rescind or terminate the lease. This rule is sensible. Were the law as Spaulding contends and a party could obtain a declaratory judgment concerning rights that the party could not directly enforce, limitations on standing like section 5141 would be effectively nullified.

## DISPOSITION

The judgment and the fee award order are affirmed.

BROWN, J.

10

WE CONCUR:

POLLAK, P. J.
GOLDMAN, J.

*Spaulding Marine Center v. Arques Maritime Preservation Foundation* (A163223, A164070)