Filed 7/21/22  Kovtun v. Kovtun CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| KAROLYN KOVTUN, | D079220 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2021-00003979-PR-OP-CTL) |
| GORDON DAVID KOVTUN et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Julia C. Kelety, Judge.  Reversed and remanded for further proceedings.

Van Dyke & Associates, Richard S. Van Dyke and Karla Baer for Plaintiff and Appellant.

Henderson, Caverly, Pum & Trytten, Kristen E. Caverly, Lisa B. Roper and Stephen D. Blea for Defendant and Respondent Gordon David Kovtun.

## INTRODUCTION

In this contested probate proceeding, a sister filed a petition to revoke her brother's authority to serve as attorney-in-fact for their elderly father under a durable power of attorney.  Shortly after the brother filed a verified

objection to the petition, the probate court held an initial hearing. At the hearing, brother's counsel asked the court to dismiss the petition pursuant to Probate Code[1] section 4543. The court granted the motion and dismissed the petition with prejudice, and in doing so resolved disputed issues without considering competent evidence. About one month later, this court issued its opinion in *Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 425–427 (*Dunlap*), holding a similar dismissal violated relevant procedural provisions and was an abuse of discretion. Relying on *Dunlap*, we reverse the order of dismissal and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*Factual Background Alleged in the Petition*

On August 17, 2017, Jay Kovtun[2] executed a "Durable Power of Attorney for Financial Matters" (DPOA) that granted certain persons nominated to serve as attorneys-in-fact the authority to exercise the powers described in sections 4450 through 4463,[3] including the power to transfer

---

[1] Unspecified statutory references are to the Probate Code.

[2] To distinguish the members of the Kovtun family, we refer to them by their first names.

[3] The referenced sections govern the powers of the nominated agent generally (§ 4450), as well as powers relating to real property transactions (§ 4451), tangible personal property transactions (§ 4452), stock and bond transactions (§ 4453), commodity and option transactions (§ 4454), banking transactions and financial institution transactions (§ 4455), business operating transactions (§ 4456), insurance and annuity transactions (§ 4457), estate transactions (§ 4458), claims and litigation (§ 4459), personal and family maintenance (§ 4460), benefits from governmental programs, civil or military service (§ 4461), retirement plan transactions (§ 4462), and tax matters (§ 4463).

personal property.  Pursuant to the DPOA, Jay's wife, Lael H. Kovtun, was nominated to serve as Jay's attorney-in-fact, and his adult son, Gordon Kovtun, was nominated to succeed Lael in the event she became unable, unwilling, or unavailable to serve.  Before the DPOA's execution, Lael had already been determined to lack the mental capacity necessary to make financial decisions for herself or others.  Accordingly, as of August 17, 2017, Gordon served as Jay's attorney-in-fact under the DPOA.

Karolyn Kovtun, Jay's daughter, first learned of the DPOA's existence on or about October 9, 2019, after she filed a petition[4] seeking appointment of temporary and permanent conservators for Jay's person and estate. Karolyn later voluntarily dismissed this petition without prejudice, in favor of two other petitions (not at issue in this appeal) concerning the administration and validity of Jay and Lael's living trust,[5] and Gordon's financial elder abuse of Lael.[6]

## II.

### *Probate Court Proceedings*

A.  *Karolyn's Verified Petition*

On January 25, 2021, Karolyn initiated this proceeding by filing a verified petition for an order revoking the authority of the attorney-in-fact.

Karolyn averred that Jay was born in 1931, had recently suffered significant health problems, including end-stage renal failure, pneumonia, possible stroke, and dementia, and that Jay's "mental deficits have had a debilitating effect on his ability to plan, organize, and carry out actions in his

[4]    San Diego Superior Court Case No. 37-2019-00046977-PR-CP-CTL.

[5]    San Diego Superior Court Case No. 37-2020-00019715-PR-TR-CTL.

[6]    San Diego Superior Court Case No. 37-2020-00045966-CU-MC-CTL.

3

own rational self-interest . . . significantly impair[ing] [his] ability to understand and appreciate the consequences of his actions with regard to the management of his financial resources."

She further averred that Gordon suffered from a drug addiction, had incurred substantial debt obligations, and in managing Jay's financial resources was favoring his own interests over the interests of Jay. She alleged Gordon and his wife Annika Kovtun had committed the following acts of financial elder abuse against Jay: Gordon, who was self-employed in the construction business, had remodeled Jay's home in exchange for the allegedly excessive amount of $400,000; Gordon and/or Annika had fraudulently dispossessed Jay of several hundreds of thousands of dollars and had used the money to buy Annika a home in Norway; and Jay's checking account had been depleted following consecutive withdrawals of $150,000 and $300,000, such that the San Diego Gas & Electric Company (SDG&E) had sent a notice that numerous attempted payments from Jay's bank had been returned for insufficient funds. A copy of this notice was attached to the petition.

Based on these alleged facts, Karolyn's petition sought an order revoking Gordon's authority as attorney-in-fact pursuant to section 4541, subdivision (d),[7] on the ground that Gordon had violated his fiduciary duties as attorney-in-fact by wrongfully taking assets belonging to Jay and his

---

[7] Section 4541, subdivision (d), provides that a petition may be filed to "[d]eclar[e] that the authority of the attorney-in-fact is revoked on a determination by the court of all of the following: [¶] (1) The attorney-in-fact has violated or is unfit to perform the fiduciary duties under the power of attorney[;] [¶] (2) At the time of the determination by the court, the principal lacks the capacity to give or to revoke a power of attorney[;] [¶] (3) The revocation of the attorney-in-fact's authority is in the best interest of the principal or the principal's estate."

living trust; that Jay lacked the capacity to revoke the DPOA; and that it was in Jay's best interest to revoke Gordon's authority in order to prevent further unauthorized depletion of Jay's assets by Gordon.

Karolyn also averred she would amend the petition "at a later date" to include a prayer for relief for an order compelling an accounting. (§ 4541, subd. (c).)[8] Karolyn averred she had demanded Gordon account and report for his acts as attorney-in-fact, and that she anticipated Gordon would refuse to so account "and thereby disclose his breaches of fiduciary duty."

B.    *Gordon's Verified Objection*

On March 26, 2021, Gordon filed a verified objection to Karolyn's petition. Gordon denied Jay lacked capacity and denied committing the acts of financial elder abuse alleged by Karolyn. He averred that Karolyn was estranged from Jay, that she had "unsuccessfully tried to have her father conserved by this Court in 2019," and that she was "presum[ing] to impose herself between her fully capacitated father and his decade's long choice of his son to assist him personally and financially." He further averred that Karolyn had sent "hateful" texts and emails to Jay, and had sent emails to Jay's sister in which she expressed animosity toward Jay. He attached copies of these texts and emails to his objection. Gordon asserted that it was "hard to imagine a person less suited to insert herself in her father's affairs under the guise of trying to protect him from his son." He asked the court to deny

---

8      Section 4541, subdivision (c), provides that a petition may be filed to: "Compel[ ] the attorney-in-fact to submit the attorney-in-fact's accounts or report the attorney-in-fact's acts as attorney-in-fact to the principal, the spouse of the principal, the conservator of the person or the estate of the principal, or to any other person required by the court in its discretion, if the attorney-in-fact has failed to submit an accounting or report within 60 days after written request from the person filing the petition."

Karolyn's petition in its entirety and to award him his attorney fees and costs.

C.    *Initial Hearing*

On March 30, 2021, four days after Gordon filed his verified objection, the probate court held the initial hearing in the case, which Karolyn, Gordon, and Jay attended. At the time the hearing went forward, the only documents filed by the parties were Karolyn's verified petition and Gordon's verified objection.

At the start of the hearing, the court observed that in addition to the "new petition," Karolyn also had a "civil action" and "trust action" pending, and that "[t]he conservatorship is in the rearview mirror." (See footnotes 4, 5, and 6, *ante*.) Karolyn's counsel informed the court that "the bulk" of Jay's assets appeared to be in trust, but cautioned this was unconfirmed as he had not yet received discovery responses from Gordon or Jay. He stated that Karolyn was planning to amend her petition to seek an accounting "for the period of 2017 up through the present time." The court suggested, and Karolyn's counsel agreed, that it would be appropriate to "just take this off calendar . . . and . . . await [for the] amended petition[.]"

The court requested input from other counsel. Gordon's counsel asked the court to dismiss Karolyn's petition pursuant to section 4543,[9] stating, "[t]here is no way that Karolyn Kovtun is an appropriate person to try to supposedly protect her father from his own choices for an agent." Counsel argued that Jay did not lack capacity, that "[t]his [power-of-attorney]

_____

[9]    Section 4543 provides "[t]he court may dismiss a petition if it appears that the proceeding is not reasonably necessary for the protection of the interests of the principal or the principal's estate and shall stay or dismiss the proceeding in whole or in part when required by Section 410.30 of the Code of Civil Procedure."

6

designation has been standing since 2009, was renewed in 2017," and that the Probate Code provided the court with dismissal authority "in these kind of situations to say this petition isn't necessary." She argued "the same is going to be true with an accounting petition." Jay's counsel agreed, stating he thought Karolyn's petition was "completely frivolous."

Karolyn's counsel responded that Karolyn, as Jay's daughter, had standing to bring a petition under section 4540, subdivision (d).[10] He objected to the request for dismissal, arguing "the Court cannot dismiss this without any evidence whatsoever." He asserted it would be premature for the court to dismiss the petition when discovery had not yet been completed.

The court agreed with Karolyn's counsel that Karolyn, as a relative of the principal, had standing to bring the petition. But it would nevertheless "take [Gordon's counsel's] suggestion" and dismiss Karolyn's petition pursuant to section 4543. The court found the petition was not reasonably necessary for the protection of the interest of Jay or his estate. It observed that to revoke Gordon's authority, it had to make three findings under section 4541, subdivisions (d)(1) to (d)(3). As to the first, the court acknowledged Karolyn claimed Gordon had been violating his fiduciary duties. On the second required finding, the court expressed doubt about the factual basis of Karolyn's allegations that Jay lacked capacity, stating: "[A]t least people who bring petitions alleging lack of capacity have some basis for that. Like they'll say this is what's been happening, this is why we think there is a lack of capacity." With regard to the third required finding, it questioned whether revocation was in Jay's best interest, stating, "I don't hear anything that Jay is suffering in any way by the conduct of Gordon." The court further stated

---

10    Section 4540, subdivision (d), provides that "a petition may be filed under this part" by "[a] relative of the principal."

7

the petition "seem[ed] unsupported" and "unreasonable," and that "it does not seem to be in [Jay's] best interest." The court then dismissed the petition with prejudice.

Turning to Karolyn's anticipated request for an accounting, the court stated, "I am not ordering an accounting." Karolyn's counsel responded that he intended to amend the petition not only to add a request for accounting, but to add further allegations of Jay's incapacity. The court declined to await the amendments, stating Karolyn had failed to prove Jay's incapacity in her petition for conservatorship, and that it was "not interested" in hearing further from Karolyn about Jay's incapacity.

Gordon's counsel then requested that the court award Gordon his attorney fees under section 4545, subdivision (a). The court agreed to do so, and stated the amount of fees would be determined by an ex parte petition.

On March 30, 2021, the court issued a minute order dismissing the petition with prejudice. The minute order further provided, "Attorney fees as to [Gordon's attorney] are granted pursuant to [section 4545, subdivision (a)], and the amount to be determined via Ex Parte Appearance." On April 23, 2021, the court awarded Gordon $6,877 in attorney fees and costs.

On May 13, 2021, Karolyn timely appealed the March 30, 2021 minute order.[11]

## DISCUSSION

Before turning to the merits of this appeal, we first consider whether an event that occurred after the notice of appeal was filed has rendered this appeal moot.

---

[11] An order dismissing a petition under section 4543 is an appealable order. (§ 1302, subd. (b).)

8

I.

*Jay's Death During the Pendency of This Appeal Does Not Moot the Appeal*

After Karolyn filed her opening brief on appeal and shortly before Gordon filed his respondent's brief on appeal, Jay passed away. After Gordon alerted us to this development in his respondent's brief, at our request, both sides submitted supplemental letter briefs addressing whether Jay's death rendered this appeal moot.[12] Both sides contend the appeal is not moot, although for different reasons.

Gordon observes in his supplemental brief that pursuant to section 4152, subdivision (a)(4), the death of the principal terminates a power of attorney. He contends that Jay's death therefore moots Karolyn's petition for revocation of his authority under the DPOA. However, he claims this appeal is not moot because Karolyn is still entitled to have the probate court's award of $6,877 in attorney fees and costs to him reviewed for abuse of discretion.[13]

Karolyn contends that Jay's death has only partly mooted her petition. She agrees that death of the principal terminates a power of attorney, and there is now no longer a need for an order revoking Gordon's authority to act as Jay's attorney-in-fact. But she contends this still leaves her request for an order compelling Gordon to account for his acts as attorney-in-fact, which was factually supported by the allegations of the petition regarding Gordon's breaches of fiduciary duty, and which she had sought to add to the petition by amendment when the petition was dismissed. She also agrees with Gordon

---

[12] The parties have stipulated that Jay passed away in December 2021.

[13] According to the superior court's register of actions for this case, on April 23, 2021, the probate court entered an order granting Gordon's ex parte application for attorney fees and costs. As we discuss, the April 23 order was not included in the record on appeal.

that she is entitled to review of the $6,877 award of Gordon's attorney fees and costs for abuse of discretion.

" ' "Generally, an appeal will be dismissed as 'moot' when, through no fault of respondent, the occurrence of an event renders it impossible for the appellate court to grant appellant any effective relief." ' " (*Noergaard v. Noergaard* (2020) 57 Cal.App.5th 841, 852 (*Noergaard*).) "We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557.)

Whether an appeal is moot depends on whether a decision on the merits will provide " ' "any effective relief." ' " (*Noergaard, supra*, 57 Cal.App.5th at p. 852.) "The legal test for effective relief is whether there is a 'prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status.' " (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1053 (*Delta Stewardship*).) "If the issues on appeal are rendered moot, a reversal would be without practical effect, and the appeal will be dismissed." (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

The issue raised in this appeal is whether the probate court committed procedural error by dismissing Karolyn's petition at the initial hearing, without prior notice, without allowing for completion of discovery, and without considering evidence. Whether reversal of the order dismissing Karolyn's petition will provide effective relief turns on whether there is any remaining relief to be obtained through the petition.

The parties agree the death of the principal terminates the authority of an attorney-in-fact under a power of attorney. (§ 4152, subd. (a)(4).) We observe that there is an exception: Section 4152, subdivision (a)(4), states

10

that death of the principal terminates the authority of an attorney-in-fact under a power of attorney, "*except as to specific authority permitted by statute to be exercised after the principal's death*." (Italics added.) However, the parties have not identified any exceptions that might apply.[14] Furthermore, Karolyn, the petitioning party, takes the position that her request for an order revoking Gordon's power as attorney-in-fact for Jay is no longer necessary. Accordingly, we accept that this is so.

Karolyn contends her petition is nevertheless not moot due to her impending request for an accounting. She points out that her petition alleged facts supporting an accounting from Gordon, that her prayer for relief generally sought " 'such other and further orders as the court deems just and proper,' " and that she specifically indicated an intent to amend her petition to seek an order compelling an accounting.

We agree with Karolyn that her petition is not moot by virtue of her anticipated request for an accounting. Although Jay's death terminated Gordon's authority as attorney-in-fact, it did not relieve him of the duty to account for his actions as attorney-in-fact. "Termination of an attorney-in-fact's authority does not relieve the attorney-in-fact of any duty to render an account of actions taken as attorney-in-fact." (§ 4238, subd. (c).) The court, in dismissing the petition, deprived Karolyn of the opportunity to amend. If

_____

14    The Law Revision Commission's revised comment to section 4152 states that subdivision (a)(4) "recognizes that certain tasks may remain to be performed after death," and cites section 4238 as an example of such tasks. (Cal. Law Revision Com. rev. com., 52B West's Ann. Probate Code (2009 ed.) foll. § 4152, p. 273.) Section 4238 identifies a number of duties to be performed by the attorney-in-fact upon termination of authority (such as "promptly deliver[ing] possession or control of the principal's property" (§ 4238, subd. (a)) and "deliver[ing] copies of any records relating to transactions undertaken on the principal's behalf" (§ 4238, subd. (b)).

11

we decide the court erred and reverse the order of dismissal, Karolyn's opportunity to amend the petition to seek an accounting will be restored.

Moreover, Karolyn's ability to amend her petition to assert this claim is not a meaningless procedural right. Because the court's order dismissed the petition with prejudice, if left undisturbed, it will bar Karolyn from seeking an accounting in a new petition. (See *Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1527 [" ' "Dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from litigating those issues again." ' "].) This is so even though at the time of the dismissal, Karolyn had not yet amended the petition to assert her request for an accounting. Gordon's counsel argued an accounting was unnecessary, and in dismissing the petition, the court anticipated the request and specifically denied an accounting. "This issue having been actually litigated and determined in the action, the finding thereon will operate as collateral estoppel in any subsequent action[.]" (*Cinnamon Square Shopping Center v. Meadowlark Enterprises* (1994) 24 Cal.App.4th 1837, 1843 (*Cinnamon Square*); see *In re Prather* (2010) 50 Cal.4th 238, 260 ["It is black letter law that '[r]es judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that could have been litigated in that proceeding.' "].) The dismissal, if not reversed, will serve to preclude Karolyn from pursuing this request in the future. Accordingly, this appeal is not moot, because a decision on the merits of the appeal will have a " 'tangible impact' " on the parties. (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1053.)

Further still, the parties agree this appeal is not moot for an additional reason, namely that there is the remaining issue of the court's award of Gordon's attorney fees and costs. We agree the award of fees and costs

12

provides an additional reason not to dismiss the appeal on grounds of mootness, but for a different reason than that asserted by the parties.

Our high court has stated that an otherwise moot appeal "will not be retained *solely* to decide the question of liability for costs." (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134, italics added; see *Cinnamon Square*, *supra*, 24 Cal.App.4th at p. 1843, fn. 2 [interpreting *Paul* to mean that an appellate court has discretion to retain an appeal to decide a cost issue, and "question[ing] the wisdom of mechanically denying review" of a substantial award of attorney fees and costs].) This suggests that where, as here, the cost question is not the sole remaining issue but instead is one of multiple remaining issues, we can consider it as a basis for retaining an appeal.

The probate court awarded Gordon his attorney fees under section 4545, subdivision (a). This provision gives the court discretion to award reasonable attorney fees to the attorney-in-fact based on a determination that "the proceeding was commenced without any reasonable cause." (§ 4545, subd. (a).) The record does not include information about the basis of the cost award, but we assume Gordon was awarded costs as the prevailing party. (See *Hollaway v. Edwards* (1998) 68 Cal.App.4th 94, 99 [probate court retains discretion to decide whether costs should be paid to prevailing party]; *Estate of Neilson* (1960) 181 Cal.App.2d 769, 772 [improper to exercise discretion and award costs prior to final determination of matter].) We agree with the parties that if the court erred in dismissing the petition, then the award of fees and costs to Gordon cannot stand.

Where we differ with the parties is in their view that this court will be reviewing the award of $6,877.00 to Gordon for an abuse of discretion. We will not, because Karolyn has not sought review of this award. According to the register of actions for this case, the order setting the amount of Gordon's

13

fees and costs was entered on April 23, 2021. (This order was not included in the appellant's appendix.) In her notice of appeal filed on May 13, Karolyn specified that she was appealing the probate court's March 30, 2021 minute order; she did not reference, attach, or otherwise indicate that she was appealing the April 23, 2021 order. " ' "Where several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified--in either a single notice of appeal or multiple notices of appeal--in order to be reviewable on appeal." ' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284 (*Allen*), quoting *DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43.) Not only is the April 23 order not part of the appellate record, but Karolyn's opening brief on appeal, which is the only appellate brief she has filed, does not challenge, seek reversal of, or include any argument at all addressing the award of Gordon's attorney fees and costs. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 fn. 8 [observing that "[a]n appealed-from . . . order is presumed correct" and so "the appellant must make a challenge"].) In short, Karolyn has taken none of the steps necessary to appeal the court's award of Gordon's attorney fees and costs. Accordingly, we will not include it in our review.

However, this does not mean the award of Gordon's attorney fees and costs will be unaffected by a reversal of the probate court's dismissal order. " 'An order awarding costs falls with a reversal of the judgment on which it is based.' " (*Allen, supra*, 94 Cal.App.4th at p. 1284, quoting *Merced County Taxpayers' Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 402.) In *Allen*, the appellant failed to file a notice of appeal of a post-judgment order awarding attorney fees. Although we determined we lacked jurisdiction to review the award, we stated "this does not mean that an award of attorney fees to the party prevailing stands after reversal of the judgment." (*Allen,* at p. 1284.)

14

We observed that "[a]fter reversal of a judgment 'the matter of trial costs [is] set at large.' " (*Ibid.*, quoting *Purdy v. Johnson* (1929) 100 Cal.App. 416, 420.) We stated that although we could not reverse the order granting fees, "the trial court should do so on remand." (*Allen,* at p. 1284.)

Similarly, here, although we will not review the order awarding $6,877 in attorney fees and costs to Gordon, any determination by this court that the probate court erred in dismissing the petition will fatally undermine the basis of the fee and cost award, a consequence the probate court can and should implement upon remand. (*Allen, supra*, 94 Cal.App.4th at p. 1284.) Thus, a reversal on the merits will have this additional, tangible effect, further supporting our conclusion that this appeal is not moot.

## II.

### *The Probate Court Abused Its Discretion*

The probate court dismissed Karolyn's petition pursuant to section 4543, which states, in relevant part, that "[t]he court may dismiss a petition if it appears that the proceeding is not reasonably necessary for the protection of the interests of the principal or the principal's estate[.]" (§ 4543.) The word "may" signals that the court has discretion in deciding whether to dismiss a petition pursuant to this provision. Accordingly, we review the probate court's dismissal order for an abuse of discretion. "A court abuses its discretion if ' "it exceed[s] the bounds of reason or contravene[s] the uncontradicted evidence [citation], fail[s] to follow proper procedure in reaching its decision [citation], or applie[s] the wrong legal standard to the determination." ' " (*Dunlap, supra*, 63 Cal.App.5th at p. 424.)

Karolyn contends the probate court committed procedural error and thereby abused its discretion by dismissing the petition at the initial hearing, without prior notice that dismissal of the petition would be considered,

15

without giving Karolyn the opportunity to conduct discovery, and without considering evidence. She contends this issue is governed by this court's decision in *Dunlap*. We agree in part.

*Dunlap* involved a dispute arising from a marital trust that a husband established for the benefit of his wife. (*Dunlap*, *supra*, 63 Cal.App.5th at p. 422.) Litigation over the husband's estate resulted in a settlement agreement that modified the terms of the marital trust. (*Ibid.*) The probate court approved the settlement agreement and, pursuant to its terms, appointed the wife's daughter Maria as sole trustee. (*Ibid.*) After the wife's death, her estate filed a petition for an accounting of the marital trust. (*Id.* at pp. 422–423.) In response, Maria filed a verified objection in which she stated, among other things, that she had only been nominally named as trustee in the settlement agreement, had never acted as trustee of the marital trust, and could not provide an accounting since she had never served as trustee. (*Id.* at p. 423.)

The probate court held an initial case management conference, and set another case management conference to give the wife's estate time to conduct discovery. (*Dunlap*, *supra*, 63 Cal.App.5th at p. 423.) Notice of the continued case management conference "stated only that it was set for a " '[p]rogress report on pending discovery.' " (*Id.* at p. 427.) By the time of the continued conference, the wife's estate had served discovery on Maria but had not yet received her responses. (*Id.* at p. 423.) The probate court nevertheless dismissed the estate's petition based solely on Maria's objection. (*Ibid.*) It did so without prior notice that the continued conference could result in a dismissal and without accepting evidence. (*Ibid.*)

We reversed the order of dismissal in *Dunlap*. We held that the probate court, by dismissing the estate's petition without prior notice,

16

completion of discovery, or consideration of evidence, violated relevant procedural provisions of the Probate Code and thereby abused its discretion. (*Dunlap*, *supra*, 63 Cal.App.5th at pp. 424–427.) We explained that pursuant to section 1046, "[w]hen matters within the purview of the Probate Code are contested, '[t]he court *shall* hear and determine any matter at issue and any response or objection presented, consider evidence presented, and make appropriate orders.' " (*Dunlap,* at pp. 425–426, italics added.) The probate court could not rely on Maria's objection as the basis for its ruling, even though it was verified, because the facts were contested, and " '[s]ection 1022 authorizes the use of declarations only in an "uncontested proceeding." ' " (*Id.* at p. 426.)

We also found the dismissal procedurally defective because there was no prior notice to the estate "that dismissal of the petition would be considered, much less granted" at the continued case management conference. (*Dunlap*, *supra*, 63 Cal.App.5th at p. 427.) We reasoned that section 1042 requires " '[a] hearing under this code shall be on notice unless the statute that provides for the hearing dispenses with notice' " and the provisions that gave the court authority to dismiss the estate's petition did not dispense with this notice requirement. (*Dunlap,* at p. 427.) We further expressed concern about the early, unnoticed dismissal of a petition, noting that "reviewing courts are 'increasingly wary' of using [such] procedural shortcuts because they 'circumvent procedural protections provided by the statutory motions or by trial on the merits' " and " 'risk blindsiding the nonmoving party[.]' " (*Id.* at p. 427; see also *ibid.* [observing that " '[t]he pretrial proceeding should not become a trap for the unwary' "].) We concluded "[t]he court abused its discretion because it failed to follow the proper procedure[s] in reaching its decision." (*Ibid.*)

17

We acknowledge the probate court did not have the benefit of *Dunlap* when it ordered Karolyn's petition dismissed with prejudice. Nonetheless, the reasoning of *Dunlap* applies here and compels the conclusion that the probate court committed procedural error and abused its discretion in dismissing the petition. This is so even though *Dunlap* involved dismissal of a petition relating to a trust, and this case involves dismissal of a petition relating to a power of attorney.

For one thing, the dismissal provisions at issue in *Dunlap* and in this case are substantively indistinguishable. Section 17202, the dismissal statute relied on by the probate court in *Dunlap*, provides that " '[t]he court may dismiss a petition *if it appears that the proceeding is not reasonably necessary for the protection of the interests* of the trustee or beneficiary.' " (*Dunlap*, *supra*, 63 Cal.App.5th at p. 423, fn. 3, quoting § 17202, italics added.) Section 4543, the dismissal statute relied on by the probate court in this case, provides in relevant part that "[t]he court may dismiss a petition *if it appears that the proceeding is not reasonably necessary for the protection of the interests* of the principal or the principal's estate[.]" (Italics added.) Both statutes give the probate court discretion to dismiss a petition on essentially the same grounds, namely that the proceeding is "not reasonably necessary" to protect the interests at stake.

For another, proceedings concerning powers of attorney, like proceedings concerning trusts, are subject to the same general procedural provisions of the Probate Code, commencing with section 1000 (see § 4505), that we relied on in *Dunlap* to conclude that the probate court committed procedural error in dismissing the underlying petition. (See *Dunlap*, *supra*, 63 Cal.App.5th at pp. 426–427 [citing §§ 1022, 1042, 1046].) Thus, the

18

procedural setting of this case is similar to *Dunlap*, supporting the conclusion that its reasoning applies to this litigation involving a power of attorney.

Applying the reasoning of *Dunlap* to this case leads to the conclusion the probate court erred in dismissing Karolyn's petition. As we discuss, Karolyn fails to establish that the same notice deficiency that was present in *Dunlap* was also present here. But we conclude the probate court erred as a matter of procedure, because in dismissing the petition, it resolved contested issues without considering competent evidence.

We begin with the notice issue. In *Dunlap*, we concluded the probate court erred, in part, due to the lack of prior notice to the estate that "dismissal of the petition would be considered, much less granted." (*Dunlap*, *supra*, 63 Cal.App.5th at p. 427.) We emphasized that there was "no notice of dismissal before the conference" and that "[n]otice of the hearing stated only that it was set for a '[p]rogress report on pending discovery.' " (*Ibid.*) Here, as in *Dunlap*, notice was required. As we have explained, "[e]xcept as otherwise provided . . . , the general provisions in Division 3 (commencing with Section 1000) apply to proceedings under [the Power of Attorney Law]." (§ 4505.) Section 1042 provides that "[a] hearing under this code shall be on notice unless the statute that provides for the hearing dispenses with notice." As in *Dunlap*, the relevant dismissal provision in this case does not dispense with this notice requirement. (See § 4543.)

Even so, it is not apparent from the record before us that Karolyn lacked prior notice that dismissal would be considered at the initial hearing. Karolyn, in her appellate brief, in an apparent effort to liken this case to *Dunlap*, repeatedly refers to the hearing that resulted in dismissal of her petition as an "initial case management conference." She asserts that "[i]n the case at bar, as in *Dunlap*, there was no notice that 'dismissal of the

19

petition would be considered, much less granted.' " However, her assertions are not accompanied by record citations and they are not otherwise borne out by the record. According to the register of actions for this case, the March 30, 2021 hearing was the first scheduled hearing. However, the entry for this hearing in the register of actions simply states: "Other (Miscellaneous) scheduled for 03/30/2021." The register of actions does not show that the hearing was scheduled as a case management conference. Moreover, we have not been provided the notice of this hearing; it was not included in the appellant's appendix. Thus, the record before us fails to confirm Karolyn's assertion that the initial hearing was scheduled as a case management conference (as was the case in *Dunlap*). Nor are we able to confirm that the notice of hearing failed to apprise Karolyn that dismissal of the petition would be considered.

We also observe that Gordon, within his verified objection, sought summary denial of the petition under section 4543. Pursuant to section 1043, "[t]he court in its discretion shall either hear and determine the response or objection at the hearing." From this, it appears Karolyn was not without notice that dismissal under section 4543 was an issue that could be considered during the hearing. Karolyn, as the appealing party, bears the burden of establishing an abuse of discretion, and of providing a record sufficient to demonstrate that there was such an abuse. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136.) The record before us fails to confirm Karolyn's contention that she was not on notice the court would consider dismissal of the petition at the hearing. Accordingly, we resolve this issue against Karolyn.

We reach a different result on Karolyn's other contention, which is that the probate court erred by dismissing her petition without holding an

evidentiary hearing. During the hearing, after Gordon's counsel requested dismissal, Karolyn's counsel objected that "the [c]ourt cannot dismiss this without any evidence whatsoever." The court proceeded to dismiss, and in doing so resolved contested issues without evidence.

Under *Dunlap*, this was error. "When matters within the purview of the Probate Code are contested, '[t]he court shall hear and determine any matter at issue and any response or objection presented, consider evidence presented, and make appropriate orders.' " (*Dunlap*, *supra*, 63 Cal.App.5th at pp. 425–426, quoting § 1046.) At the time of the initial hearing, the petition was contested: Karolyn had filed a verified petition alleging facts supporting revocation of Gordon's authority under the DPOA pursuant to section 4541, subdivision (d), and Gordon had filed a verified objection denying Karolyn's allegations and opposing her request. (See *Estate of Lensch* (2009) 177 Cal.App.4th 667, 677 ["Respondent's opposition . . . transformed appellants' unopposed petition to a contested one."].)

In finding that Karolyn's request for an order revoking Gordon's authority as attorney-in-fact was not reasonably necessary for the protection of Jay's interest, the probate court in part expressed doubt over Jay's lack of capacity. (§ 4541, subd. (d)(2) [providing that a probate court may not issue an order revoking the authority of the attorney-in-fact unless, "[a]t the time of the determination by the court, the principal lacks the capacity to give or to revoke a power of attorney"].) However, whether Jay possessed or lacked capacity to revoke the DPOA was a contested issue. In her petition, Karolyn averred, among other facts, that Jay was suffering from significant health problems, including end-stage renal failure and dementia, that his "mental deficits. . . had a debilitating effect on his ability to plan, organize, and carry out actions in his own rational self-interest" and that "[t]hese deficits

21

significantly impair[ed]" Jay's "ability to understand and appreciate the consequences of his actions with regard to the management of his financial resources." She further averred that "as of the date of the filing of this petition . . . the Principal lacks the capacity necessary to give or to revoke a power of attorney." Gordon, in his verified objection, specifically denied these allegations.

As in *Dunlap*, because Jay's capacity was contested, the probate court was required to hold an evidentiary hearing and resolve the issue based on competent evidence. (*Dunlap, supra*, 63 Cal.App.5th at p. 426 [" 'When a petition is contested, as it was here, . . . absent a stipulation among the parties to the contrary, each allegation in a verified petition and each fact set forth in a supporting affidavit must be established by competent evidence.' "].) The only documents before the court at the time of the initial hearing were Karolyn's petition and Gordon's objection. However, these pleadings, although verified, could not be considered as evidence. (*Ibid.* [" '[W]hen challenged in a lower court, affidavits and verified petitions may not be considered as evidence at a contested probate hearing.' "].) In part, the court also appeared to be influenced by counsels' assertions during the hearing that Jay did not lack capacity. But arguments of counsel also are not evidence. (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 409.)

As another basis for dismissing Karolyn's petition, the probate court explained it did not "hear . . . that Jay is suffering in any way by the conduct of Gordon" and concluded that revoking Gordon's authority therefore "does not seem to be in [Jay's] best interest." (See § 4541, subd. (d)(3).) However, Karolyn's petition contained factual averments describing Gordon's breaches of his fiduciary duties as an attorney-in-fact, including specific instances of

22

alleged financial elder abuse that included depletion of "significant sums of cash" from Jay's checking account, supported by a copy of an SDG&E notice requiring future payment of Jay's accounts to be made by cash or money order only, due to returned payments for insufficient funds from Jay's bank. Karolyn averred that revocation of Gordon's authority was in Jay's best interest in order "to protect the assets of the Principal from further unauthorized depletion at the hands of Gordon Kovtun." Gordon's verified objection acknowledged the authenticity of the SDG&E notice, but otherwise specifically denied these allegations. Thus, whether revocation of Gordon's authority as attorney-in-fact was in Jay's best interest was also a contested issue, and the probate court was not authorized to adjudicate it without considering evidence. (*Dunlap*, *supra*, 63 Cal.App.5th at p. 426.)

In dismissing the petition, the probate court also predetermined the merits of Karolyn's anticipated request for accounting (§ 4541, subd. (c)), specifically ruling that an accounting was not "necessary." This was improper, because the petition had not yet been amended to include a request for an order compelling an accounting. Section 4543 gives a probate court authority to "dismiss a petition." Logically, a claim for relief that has yet to be asserted cannot be dismissed.

In an effort to persuade us to affirm the probate court's dismissal of the petition, Gordon argues the court's decision was informed, at least in part, by the fact that Karolyn had failed "to [credibly] allege in . . . previous actions" that Jay's capacity was "at issue." As a result, Gordon claims, the probate court concluded Karolyn's petition was " 'just another attempt to fan the flames of litigation.' " There are two problems with this position. First, Karolyn's asserted prior failure to prove Jay's incapacity would preclude her from relitigating the issue only if there existed a final decision to that effect.

23

" 'The doctrine of collateral estoppel or issue preclusion . . . prevents a party who had a full and fair opportunity to litigate a particular issue in a prior proceeding from relitigating it in a subsequent proceeding.' " (*Colombo v. Kinkle, Rodiger & Spriggs* (2019) 35 Cal.App.5th 407, 416.) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.) Here, although the probate court did express frustration over a prior, unsuccessful conservatorship petition filed by Karolyn, Gordon fails to establish that this or any other prior proceeding initiated by Karolyn resulted in a final adjudication of Jay's capacity.[15]

---

[15] On December 15, 2021, Gordon filed a motion seeking judicial notice pursuant to Evidence Code section 452 of the superior court registers of actions pertaining to five civil cases filed by Karolyn against various members of her family. On January 10, 2022, we denied the request as moot to the extent it sought judicial notice of the superior court's register of actions for this case, because it is already part of the appellant's appendix. We now deny the balance of the request. Judicial notice may be taken of a superior court's register of actions pursuant to Evidence Code section 452, subdivision (d). (See, e.g., *D. Cummins Corp. v. United States Fidelity & Guaranty Co.* (2016) 246 Cal.App.4th 1484, 1492, fn. 8.) However, an appellate court "may decline to take judicial notice of matters not relevant to dispositive issues on appeal." (*Guarantee Forklift, Inc. v. Capacity of Texas, Inc.* (2017) 11 Cal.App.5th 1066, 1075.) Here, Gordon argues the registers of actions are relevant because in one of the cases (which he does not identify) the probate court rejected an incapacity argument from Karolyn, because the cases all sought "similar or identical relief," and because the existence of the cases demonstrates that they are "frivolous." We disagree that the registers of actions submitted by Gordon support any of these propositions. A register of actions lists documents filed in the superior court but does not set forth the contents of the filed documents. Because the asserted relevance of the records to be judicially noticed depends on our ability to draw inferences that the records themselves do not support, and Gordon does not otherwise

Second, section 4541, subdivision (d), requires the court to make a *current* determination of the principal's lack of capacity. (See § 4541, subd. (d)(2) [providing that the court must determine whether, "*[a]t the time of the determination by the court*, the principal lacks the capacity to give or to revoke a power of attorney"].) Even assuming there existed a prior, final determination of Jay's capacity, any such decision necessarily could not serve as a *current* determination of his capacity. Therefore, Karolyn's asserted failure to adequately establish Jay's incapacity in the past would not preclude her from attempting to demonstrate that his faculties in their present state supported revocation of Gordon's authority pursuant to section 4541, subdivision (d).

In sum, we conclude the probate court erred by dismissing Karolyn's petition without holding an evidentiary hearing or considering competent evidence. (*Dunlap*, *supra*, 63 Cal.App.5th at pp. 425, 427.) The court also erred in adjudicating Karolyn's anticipated request for accounting because the authority to dismiss a petition under section 4543 does not encompass dismissal of unasserted claims. We conclude, as we did in *Dunlap*, that "[t]he court abused its discretion because it failed to follow the proper procedure in reaching its decision." (*Dunlap,* at p. 427.)

## DISPOSITION

We reverse the order of the probate court and remand for further proceedings in accordance with this opinion.

---

establish the records are relevant to the disposition of this appeal, we deny his request for judicial notice for the remaining registers of actions.

                                                                DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.